IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM GLOECKNER,

        Plaintiff,

    v.

KRAFT – HEINZ FOODS COMPANY, LLC, a foreign limited liability company, and John and Jane Does I through X, whose true identities are unknown,

        Defendants.

No. 3:19-cv-01239-HZ

OPINION & ORDER

Sam Johnson
Shawnee S. Perdue
Johnson & Monteleone, L.L.P.
350 N. Ninth Street, Suite 500
Boise, ID 83702

    Attorneys for Plaintiff

1 – OPINION & ORDER

Aaron L. Agenbroad
Marnie R. Phillips
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104

Ryan Kunkel
Stoel Rives LLP
760 S.W. Ninth Ave., Suite 3000
Portland, OR 97205

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff brings claims of disability discrimination under the Americans With Disabilities Act and Oregon law. Defendant Kraft – Heinz Foods Company, LLC moves to dismiss Plaintiff's First Amended Complaint and asks the Court to take judicial notice of a Collective Bargaining Agreement ("CBA") between Defendant and Teamsters Local No. 670 ("the Union"). Plaintiff opposes the motion to dismiss and argues that if the Court considers the CBA, the Court should convert Defendant's motion to dismiss to a motion for summary judgment and requests the opportunity to conduct discovery on the motion under Fed. R. Civ. P. 56(d). The Court denies Defendant's motion to dismiss and denies the parties' other motions.

## BACKGROUND

      Plaintiff suffers from epilepsy. First Am. Compl. ("FAC") ¶ 14, ECF 18. Defendant hired Plaintiff as a Quality Assurance Technician to work in its food production facility in Ontario, Oregon, on October 26, 2017. *Id*. ¶¶ 3, 5, 9. At that time, Plaintiff started a probationary period that was to last thirty working days during which he was not represented by the Union, and Defendant could terminate him without following the Union's grievance procedure. *Id*. ¶ 11. After the probationary period, Plaintiff would have become a Union member, received an increased hourly wage, and would likely have been transferred to a position in the maintenance

2 – OPINION & ORDER

department, which would have paid a higher hourly wage than the Quality Assurance Technician position. *Id.* ¶¶ 11–12.

In December 2017, before Plaintiff's probationary period ended, Defendant told Plaintiff that he would need to work "early call-in" shifts or be "held over" to work overtime after his shifts and told him that he would get less than twenty-four hours' notice before being required to work "early call-in" shifts. *Id.* ¶ 16. Plaintiff told Defendant that his seizure disorder required him to maintain a sleep schedule that provided him two hours to wake up before engaging in any activity to prevent seizures, and he would need at least twenty-four hours' notice before Defendant called him in early for an unscheduled shift. *Id.* ¶¶ 14, 17. On December 15, 2017, Plaintiff met with Defendant's on-site nurse to request an accommodation and provided the forms requested by the nurse with a doctor's note documenting his seizure disorder. *Id.* ¶ 19. Plaintiff requested that Defendant give him at least sixteen hours off work between shifts to manage his seizure disorder. *Id.* ¶ 19. The same day, one of Defendant's human resources employees told Plaintiff to go home until his accommodation request was resolved. *Id.* ¶ 20.

Defendant did not contact Plaintiff until January 9, 2018, when it asked Plaintiff to come into the office for a meeting. *Id.* ¶ 21. At the meeting, Defendant's employee told Plaintiff that he was still within the thirty-day probationary period, Defendant could not accommodate his disability and considered it a liability, and Defendant terminated Plaintiff without engaging in an interactive process with him to determine whether it could accommodate his disability. *Id.* ¶ 21–22.

### STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the

sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

## DISCUSSION

Defendant argues that the Court should dismiss Plaintiff's FAC because (1) Plaintiff is not a disabled individual under the Americans with Disabilities Act ("ADA") and its Oregon counterpart, Or. Rev. Stat. § ("O.R.S.") 659A.112; (2) Plaintiff cannot perform the essential functions of the Quality Assurance Technician position; (3) Plaintiff's requested accommodation that he be excused from working overtime is unreasonable.

///

4 – OPINION & ORDER

I.       **Judicial Notice**

Defendant requests that the Court take judicial notice of the Teamsters Local No. 670 CBA under Fed. R. Evid. 201. Req. Jud. Not. 2, ECF 20. Generally, courts do not consider a document outside the pleadings at the motion to dismiss stage unless the complaint necessarily relies on the document, incorporates it by reference, or the document is judicially noticeable under Fed. R. Evid. 201. *Lefevre v. Pac. Bell Directory*, No. 14-cv-03803-WHO, 2014 WL 5810530, at *2 (N.D. Cal. Nov. 7, 2014). Fed. R. Evid. 201 provides that the Court may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "'Because the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b).'" *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005) (quoting *Wright v. Brooke Grp. Ltd.,* 114 F. Supp. 2d 797, 816 (N.D. Iowa 2000)).

Defendant argues that the Court should consider the CBA to decide its motion because the FAC incorporates it by reference or necessarily relies on it and because Defendant believes that it establishes that Plaintiff could not perform the essential functions of his position. First, there is no mention of the CBA in the FAC. The FAC does not allege a violation of the CBA or any applicability of the CBA to Plaintiff's claims, and Plaintiff's claims do not depend upon any provision of the CBA. Thus, the FAC does not necessarily depend upon or incorporate the CBA by reference. *See Lefevre*, 2014 WL 5810530, at *2.

5 – OPINION & ORDER

The CBA is not judicially noticeable under Fed. R. Evid. 201. Defendant has neither demonstrated that the terms of the CBA on which it relies are generally known within the Court's jurisdiction or that its terms are not subject to dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Courts in this circuit often take judicial notice of collective bargaining agreements to decide motions to dismiss based on federal preemption. *See, e.g., Loaiza v. Kinkisharyo Int'l, LLC*, No. LA CV19-07662 JAK (KSx), 2020 WL 5913282, at *15–16 (C.D. Cal. Oct. 6, 2020). However, in other contexts, courts have declined to take judicial notice of a collective bargaining agreement at the motion to dismiss stage, particularly when its validity or applicability to the plaintiff's claims is disputed. *See Schroeder v. Envoy Air, Inc.*, No. CV 16-04911-MWF-KS, 2017 WL 10525816, at *3 (C.D. Cal. Feb. 6, 2017) (declining to take judicial notice of a CBA because factual questions existed concerning whether the CBA operated as the defendant claimed); *Lefevre*, 2014 WL 5810530, at *2 (declining to take judicial notice of a CBA when the plaintiff disputed its validity, and the complaint did not rely on the CBA or incorporate it by reference); *Sizemore v. Pac. Gas & Elec. Ret. Plan*, 939 F. Supp. 2d 987, 989 (N.D. Cal. 2013) (same).

The FAC describes a series of events that occurred when Plaintiff worked for Defendant during a thirty-working-day probationary period during which Plaintiff was not represented by the union. FAC ¶ 11. The FAC is based on allegations that Defendant discriminated against Plaintiff because of his disability before Plaintiff became a union member subject to the CBA. *Id.* ¶ 25. Although the Court may be able to take judicial notice of the existence of the CBA, the meaning of its terms and the applicability of those terms to Plaintiff's claims are subject to dispute. Because the applicability of the CBA to Plaintiff's claims is disputed, the Court declines

to take judicial notice of the requirements of the CBA to resolve Defendant's motion to dismiss. *See Lefevre*, 2014 WL 5810530, at *2; *Sizemore*, 939 F. Supp. 2d at 989.

## II.     Converting the Motion to Dismiss to a Motion for Summary Judgment

The Court can decide Defendant's motion to dismiss without resorting to documents outside the pleadings and, as a result, the Court declines to convert the motion to dismiss into a motion for summary judgment. *Cf. United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) (suggesting that the circumstances in which a court must convert a motion to dismiss under Fed. R. Civ. P. 12(b)(6) to a motion for summary judgment under Fed. R. Civ. P. 56 are limited to those in which the court considers documents outside the pleadings that are not attached to the complaint, incorporated by reference, or subject to judicial notice). Accordingly, the Court denies Plaintiff's Motion for Additional Time to Conduct Discovery Pursuant to Fed. R. Civ. P. 56(d). The Court now addresses Defendant's remaining arguments.

## III.    Disability Discrimination

Defendant argues that Plaintiff's FAC fails to state a claim for disability discrimination under the ADA and Oregon law because Plaintiff is not disabled. The Americans with Disabilities Act ("ADA") provides that no covered employer "shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, condition, and privileges of employment." 42 U.S.C. § 12112(a). Discrimination includes the failure to reasonably accommodate "the known physical or mental limitations of an otherwise qualified individual." *Id.* § 12112(b)(5)(a). To state a claim of disability discrimination under the ADA, a plaintiff must allege three elements: (1) the plaintiff is disabled within the meaning of the ADA; (2) the plaintiff is a qualified

individual able to perform the essential functions of the job, with reasonable accommodations; and (3) the plaintiff suffered an adverse employment action because of their disability. *Rood v. Umatilla Cnty.*, 526 F. Supp. 2d 1164, 1174 (D. Or. 2007) (citing *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003) (per curiam)); *Nunes v. Wal–Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999)). Plaintiff must meet the same burden to sufficiently allege a claim of disability discrimination under Oregon law. Or. Rev. Stat. § ("O.R.S.") 659A.139 (The Oregon Act is "construed to the extent possible in a manner that is consistent with any similar provisions of the [ADA]"); *Wiederhold v. Sears, Roebuck & Co.*, 888 F. Supp. 2d 1065, 1079 (D. Or. 2012).

The ADA and the Oregon Act define a disability as (1) "a physical or mental impairment that substantially limits one or more major life activities;" (2) "a record of such an impairment;" or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1); O.R.S. 659A.104(1). An individual may state a claim of disability under any one of those three definitions. *Rood*, 526 F. Supp. 2d at 1174 (citing *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1153 (9th Cir. 1997)). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Defendant argues that Plaintiff is not disabled because his only alleged limitation stemming from his epilepsy is an inability to work overtime. Def. Mot. Dismiss 7, ECF 19. According to Defendant, Plaintiff "admits in his FAC that he cannot work overtime." *Id.* The Court disagrees. The FAC alleges that Plaintiff's epilepsy required him to maintain a certain sleep schedule and take medications. FAC ¶ 14. It also alleges that Plaintiff needed twenty-four hours' notice before Defendant required him to work early call-in shifts or be held over to work

late so that Plaintiff could ensure that he would get enough sleep and have time to wake for two hours before reporting for work. FAC ¶ 17. Plaintiff's FAC alleges that he requested to have sixteen hours off work between shifts to manage his seizures with adequate sleep. *Id.* ¶ 19.

Allegations that Plaintiff required notice before working early call-in and holdover shifts and that Plaintiff requested an accommodation of sixteen hours off between shifts does not compel the conclusion that Plaintiff could not work overtime. For example, if Plaintiff received advance notice of his days of early call-in or holdover and Defendant scheduled his following shift to start at least sixteen hours later or scheduled Plaintiff's days off between long shifts, Plaintiff could work overtime. Construing the allegations in the FAC in the light most favorable to Plaintiff, Plaintiff has not failed to allege a disability under the ADA or Oregon law based on any admission that he could not work overtime.

## IV.    Qualified Individual

Defendant argues that Plaintiff has failed to allege that he was qualified for the position of Quality Assurance Technician because he could not perform the essential functions of the position. "The term 'qualified,' with respect to an individual with a disability, means that the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position." 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m). The essential functions of a position are "the fundamental job duties of the employment position the individual with a disability holds or desires." 29 C.F.R. § 1630.2(n)(1). When determining the essential functions of a position, courts should consider the employer's judgment concerning what functions of a job are essential, including any written job description

prepared by an employer before accepting applications and interviewing individuals for the position. 42 U.S.C. § 12111(8).

Plaintiff's FAC alleges that he was qualified for the Quality Assurance Technician position. FAC ¶¶ 14, 28, 37. He alleges that he passed pre-employment medical evaluations conducted by Defendant and that he performed the functions of the position satisfactorily during the probationary period. *Id*. ¶¶ 14–15. He also alleges that he received positive feedback about the quality of his work during the probationary period. *Id*. ¶ 15. Those allegations are sufficient to plausibly allege that Plaintiff was qualified for the position of Quality Assurance Technician.

Defendant argues that Plaintiff could not perform the essential functions of the position because mandatory overtime was an essential function of the position. Def. Mot. Dismiss 9. As the Court has discussed, Plaintiff has not alleged that he was unable to work overtime. Thus, Plaintiff has plausibly alleged that he is a qualified individual under the ADA and Oregon's counterpart.

**V.     Reasonable Accommodation**

Defendant argues that the Court should dismiss Plaintiff's complaint because Plaintiff did not plausibly allege that Defendant failed to reasonably accommodate his disability. Def. Mot. Dismiss 10. Defendant argues that because Plaintiff's requested accommodation was excusal from the requirement to work overtime, which is an essential function of the Quality Assurance Technician position, Plaintiff's requested accommodation was per se unreasonable. *Id*. Defendant mischaracterizes the allegations in the FAC. The FAC alleges that the accommodations Plaintiff requested were: (1) twenty-four hours' notice before early call-in or hold-over shifts, and (2) sixteen hours off work between shifts. FAC ¶¶ 17, 19. Defendant urges the Court to infer from those allegations that Plaintiff could never work overtime. But, as the

Court has explained, based on the allegations in the FAC, with variable start times and days off work scheduled between long shifts, Plaintiff could work overtime. Thus, Plaintiff has plausibly alleged that Defendant failed to reasonably accommodate his disability.

## VI.    Regarded-As Disabled

Defendant argues that even if Defendant regarded Plaintiff as disabled and discriminated against him based on that belief, Plaintiff's disability discrimination claims still fail under state and federal law. Def. Mot. Dismiss 11. Plaintiff has not alleged disability discrimination based on a "regarded as" disabled theory, so the Court declines to discuss Defendant's alternative argument.

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [19] is DENIED. Defendant's Request for Judicial Notice [20] is DENIED. Plaintiff's Motion for Additional Time to Conduct Discovery Pursuant to Fed. R. Civ. P. 56(d) [23] is DENIED.

IT IS SO ORDERED.

DATED:___March 9, 2021_____.


                                                       _Marco Hernandez_____
                                                       MARCO A. HERNÁNDEZ
                                                       United States District Judge